Jonathan R. Miller, Esq.
Admitted in NJ, NY, and PA
Email: jmiller@wongfleming.com



May 2, 2012

**VIA ECF**
Hon. Raymond T. Lyons
U.S. Bankruptcy Court for the District of New Jersey
Clarkson S. Fisher U.S. Courthouse
402 East State Street
Trenton, NJ 08608

      Re:    <u>In re Natalie Nebblett</u>
             Case No. 11-27398-RTL

             <u>GE Capital Corporation v. Natalie M. Nebblett, Gerald M. Sherman, Jersey Shore Orthodontics, LLC, and NAT I, LLC.</u>
             **A.P. No. 11-2587**
             *Motion Return Date: May 14, 2012*

Dear Judge Lyons:

This firm represents Plaintiff, GE Capital Corporation ("GE Capital"), as plaintiff in the above-captioned adversary proceeding.

Kindly accept this letter brief in opposition to the Motion to Dismiss filed by Defendant, Gerald M. Sherman. As set forth in detail below, Sherman's Motion should be dismissed, with costs, because GE Capital's claim against him, sounding in civil conspiracy and directly implicating Debtor and her two solely-owned companies, is squarely within this Court's "related to" jurisdiction, because "the *outcome of that proceeding could conceivably have [an] effect on the estate being administered in bankruptcy*," <u>Pacor, Inc. v. Higgins</u>, 743 F.2d 984, 994 (3d Cir. 1984) (emphasis in original) (overruled on other grounds), without need for "yet another lawsuit." <u>W.R. Grace & Co. v. Chakarian</u>, 591 F. 3d 164, 172 (3d Cir. 2009).

821 Alexander Road, Suite 150 • P.O. Box 3663 • Princeton, NJ 08543-3663
Tel: (609) 951-9520 • Fax: (609) 951-0270
www.wongfleming.com

California   District of Columbia   Florida   Georgia   Idaho
Illinois   Indiana   Maryland   New Jersey   New York   Ohio   Pennsylvania   Texas   Washington
Attorneys admitted solely in the jurisdiction where listed office is located, unless otherwise noted

**Pertinent Facts and Procedural History**

On March 11, 2011, the Superior Court of New Jersey (O'Brien, J.) granted summary judgment in favor of GE Capital and against Debtor, Natalie M. Nebblett, on its claims sounding in breach of contract and breach of personal guaranty, in the amount of $405,148.53, as of April 1, 2010, plus prejudgment interest of 16% per annum, fees and costs.

On June 6, 2011, Nebblett filed for bankruptcy under Chapter 11.

Pursuant to Fed. R. Bankr. P. 2004 and L.B.R. 2004-1, GE Capital examined Nebblett on October 21, 2011 and on November 11, 2011, and examined Sherman on November 2, 2011.

At all times relevant to these proceedings, Sherman was (and is) Nebblett's boyfriend and father of her two children, and resides in her home. Sherman personally attended both Nebblett examinations as well as the creditors meeting held in this matter.

On November 17, 2011, GE Capital commenced the subject adversary proceeding against Nebblett, Sherman, and Nebblett's two solely-owned companies, Jersey Shore Orthodontics, LLC ("Jersey Shore"), and NAT I, LLC ("NAT I").

In this Adversary Proceeding, GE Capital asserts five causes of action, including an objection to dischargeability (asserted against Nebblett only), and claims for fraud, fraudulent transfers, civil conspiracy, and unjust enrichment (asserted against all Defendants, including Sherman). GE Capital seeks two principal forms of relief: (1) a judgment of

nondischargeability against Nebblett;[1] and (2) a money judgment against all Defendants, jointly and severally, in the amount of $470,047.47, plus punitive damages, costs and legal fees.

Nebblett was served on November 22, 2011 and answered on December 19, 2011. Sherman, Jersey Shore, and NAT I were served on March 1, 2012.[2] Jersey Shore and NAT I have not timely answered or otherwise responded and are in default. On April 18, 2012, two weeks after the deadline for doing so, Sherman filed and served the subject Motion to Dismiss.

**Legal Argument**

In essence, Sherman seeks to dismiss GE Capital's claims against him, arguing that those claims are not "related to" Nebblett's Chapter 11 petition within the meaning of 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(a) because there is insufficient "nexus" and because

---

[1] Contrary to Sherman's self-described "nonsensical" reading of the Complaint, GE Capital does not seek a judgment of nondischargeability against anyone except Nebblett. Cf. Mov. Brief at 3, Complaint at 22.

[2] GE Capital's undersigned counsel believes that service on these Defendants was initially effected on or about November 22, 2011, concurrent with service upon Nebblett. But, due to various circumstances including the sudden, serious, and prolonged illness of the paralegal formerly assigned to this matter, we are unable to locate suitable proof. Accordingly, GE Capital "re-served" these Defendants on March 1, 2012. See ECF #11.

May 2, 2012
Page 4 of 10

this Court can only issue an "advisory opinion" as to those claims, therefore requiring a new round of litigation in state court. As shown herein, Sherman is wrong on both counts.

### A. GE Capital's claims are clearly within this Court's "related to" jurisdiction.

Setting aside its procedural untimeliness, Fed. R. Bankr. P. 7012(a), Sherman's Motion to Dismiss should be denied on substantive grounds, because GE Capital's claims against Sherman are clearly within this Court's "related to" jurisdiction.

Bankruptcy courts have jurisdiction over "any and all proceedings arising under title 11 [of the Bankruptcy Code] or arising in or related to a case under title 11." W.R. Grace & Co. v. Chakarian, 591 F. 3d 164, 170 (3d Cir. 2009); see also 28 U.S.C. § 1334(b); 28 U.S.C. § 157(a).

It is well established that the Court's "related to" jurisdiction encompasses "suits between third parties that conceivably may have an effect on the bankruptcy estate." W.R. Grace, 591 F. 3d at 171 (citing In re Combustion Eng'g, Inc., 391 F. 3d 190, 226 (3d Cir. 2004; Celotex Corp. v. Edwards, 514 U.S. 300, 308 n.5 (1995)). In Pacor, Inc. v. Higgins, 743 F. 2d 984 (3d Cir. 1984) – the leading case upon which Sherman expressly relies – the Third Circuit stated:

> The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the *outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.*

Pacor, supra, 743 F. 2d at 994.[3]

Although "the mere fact that there may be common issues of fact between a civil proceeding and a controversy involving the bankruptcy estate" does not by itself establish a bankruptcy court's "related to" jurisdiction, "[a]n action is related to bankruptcy if the outcome could alter the debtor's rights [or] liabilities." Id.; see also W.R. Grace, 591 F. 3d at 171.

Here, GE Capital's claims against Sherman are clearly related to the administration of Nebblett's bankruptcy estate, because GE Capital is seeking to hold Sherman, Nebblett, Jersey Shore and NAT I jointly and severally liable for damages of approximately half a million dollars.

Axiomatically, holding Sherman jointly and severally liable for GE Capital's damages "could conceivably" affect administration of the bankruptcy estate, because every dollar recovered from Sherman would diminish the amount payable by the estate.

As Sherman concedes, "[t]he test articulated in Pacor for whether a lawsuit could 'conceivably' have an effect on the bankruptcy proceeding inquires whether the allegedly related lawsuit would affect the bankruptcy proceeding *without the intervention of yet another lawsuit.*" In re Federal-Mogul Global, Inc., 300 F. 3d 268, 382 (3d Cir. 2002); W. R. Grace, 491 F. 3d at 172 (emphasis added).

---

[3] Remarkably, to the extent that Sherman also relies heavily on 28 U.S.C. § 1471, see Mov. Brief at 1-2, that statute was ruled unconstitutional *thirty years ago*. N. Pipeline Constr. Co. v. Marathon Pipe Line Co., 458 U.S. 50, 87 (1982); cf. 28 U.S.C. § 157; 28 U.S.C. § 1334.

In this case, Sherman's reasoning is fatally flawed, because GE Capital seeks to impose joint and several liability on *both* Sherman and Nebblett. Upon obtaining a judgment, joint and several liability would apply and there would be no need for "yet another lawsuit." See In re Medford Crossings North LLC, 2011 Bankr. LEXIS 185, *45 (Bankr. D.N.J. January 20, 2011) ("related to jurisdiction. . . exists where the debtor is bound by any judgment against the third party in question, without the intervention of another lawsuit to enforce an indemnification or contribution claim") (citing W.R. Grace, 491 F. 3d at 173).

In this case, GE Capital is seeking to hold Sherman and his co-defendants jointly and severally liable. There is no claim, cross-claim, or counterclaim for indemnification or contribution in this adversary proceeding.

Also, contrary to Sherman's argument, see Mov. Brief at 2-3, there is no need for an advisory opinion requiring yet another lawsuit. Instead, this Court is authorized to issue proposed findings of fact and conclusions of law for entry of final judgment by the district court, subject to the district court's de novo review of any objected-to issues. 28 U.S.C. § 157(c)(1).[4]

GE Capital's undersigned counsel is aware of no legal support for the proposition that a bankruptcy court's proposed findings of fact and conclusions of law constitute an

---

[4] 28 U.S.C. § 157(c)(1) reads in full as follows:

> A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

May 2, 2012
Page 7 of 10

"advisory opinion" requiring "yet another lawsuit." To the contrary - de novo review clearly does not amount to a new lawsuit, because the district court's review would be limited to the evidence before the bankruptcy court. Moreover, Sherman's argument is wholly illogical, because it would entirely preclude bankruptcy courts from exercising "related to" jurisdiction absent the consent of all parties. Cf. 28 U.S.C. § 157(c)(2).

Instead, the caselaw clearly distinguishes between advisory opinions and a bankruptcy court's proposed findings of fact and conclusions of law. For example, in Oneida Motor Freight, Inc. v. Felsway Corporation (In re Oneida Motor Freight, Inc.), 86 B.R. 344 (Bankr. D.N.J. 1987), the debtor brought three adversary proceedings asserting motor carrier undercharges against certain unrelated entities, which were consolidated. Id. at 346. The defendants sought to have the complaint referred to the Interstate Commerce Commission for issuance of an advisory opinion. Id. at 348. The court denied this request, recognizing the "absurdity" of a situation in which the Commission would issue an advisory opinion to the bankruptcy court, which would then issue an advisory opinion to the district court. Id. at 349. Instead, the court determined that it would conduct a "trial on the merits" and then "submit proposed findings of fact and conclusions of law to the District Court, and any final order or judgment shall be entered by the district judge after considering this Court's proposed findings and conclusions, and after reviewing de novo those matters to which any party has timely and specifically objected." Id. at 349.

In other words, because a bankruptcy court's proposed findings and conclusions are issued after a trial on the merits and submitted to the district court pursuant to the bankruptcy court's statutory "related to" jurisdiction under 28 U.S.C. § 157(c)(1), it is plainly not an "advisory opinion" requiring "yet another lawsuit" within the meaning of Federal-

Mogul. To hold otherwise would vitiate this statutory provision of all meaning and entirely nullify "related to" jurisdiction except by consent.[5]

Tellingly, Sherman can cite to no case in which a claim for joint and several liability against a debtor and a third party was dismissed with respect to the third party for lack of "related to" jurisdiction. Sherman's moving brief contains no such citation, because his position is devoid of any legal authority. Cf. Medford Crossings, supra, 2011 Bankr. LEXIS 185 at *45; Hudgins v. Shah (In re Sys. Eng'g & Energy Mgmt. Assocs., 252 B.R. 635, 651 (Bankr. E.D. Va. 2000) (trustee's claims for unlawful distributions and business conspiracy, brought against non-debtor defendants, "easily satisfy the Pacor test" because they "certainly have a possible effect on the Debtor's rights, liabilities, and options and permit this Court to assert jurisdiction"); see also Bartlett v. Wilemon, 2009 U.S. Dist. LEXIS 72232 (N.D. Tex. Aug. 14, 2009) (claims for breach of contract and conspiracy to commit fraud are within the bankruptcy court's "related to" jurisdiction, because it "could decrease the amount of available assets remaining in the bankruptcy estates of the four defendants in bankruptcy").

Similarly, in In re Adelphia Commc'ns Corp. Sec. & Derivative Litig., 2005 U.S. Dist. LEXIS 11683 (S.D.N.Y. June 14, 2005), the U.S. District Court for the Southern District of New York squarely held that state law claims for common law fraud, conspiracy to defraud, and aiding and abetting and conspiring to commit common law fraud, brought by plaintiffs

---

[5] Moreover, it is Sherman, not GE Capital, who is seeking "yet another lawsuit," because if Sherman's motion were granted, GE Capital would be required to proceed against Nebblett, Jersey Shore, and NAT I in this Court, and then relitigate the same claims against Sherman, only, in a separately filed state court action.

against non-debtor defendants, are subject to a bankruptcy courts "related to" jurisdiction. In language that is clearly applicable to this Adversary Proceeding, the court stated as follows:

> On their face, the claims in the present cases clearly involve conduct in which [Debtor] was very much involved. To the extent that plaintiffs are successful against the defendants, plaintiffs' recoveries will in all probability (and certainly conceivably) reduce the total of [Debtor's] liabilities. That is a basis for finding a case "related to" a bankruptcy within the meaning of 28 U.S.C. § 1334(b).

Adelphia, supra, 2005 U.S. Dist. LEXIS 11683 at *6 (citing Randall & Blake, Inc. v. Evans (In re Canion), 196 F.3d 579, 586-87 (5th Cir. 1999); In re Toledo, 170 F.3d 1340, 1345-46 (11th Cir. 1999)).

Likewise in this case, GE Capital's claims clearly involve conduct in which Nebblett was very much involved. GE Capital alleges that Nebblett and Sherman were co-conspirators in fraud, and that, together with Jersey Shore and NAT I, they "knowingly and intentionally engaged in an ongoing pattern of fraudulent misrepresentations and fraudulent transfers with respect to the Contract and the money extended to Nebblett by GE Capital pursuant to the Contract." Complaint at ¶ 120.

And, to the extent that GE Capital is successful in this adversary proceeding, GE Capital's recoveries will in all probability reduce the total liability of the bankruptcy estate. Accordingly, GE Capital's claims are squarely within this Court's "related to" jurisdiction and Sherman's motion should be denied.



May 2, 2012
Page 10 of 10

**Conclusion**

For the foregoing reasons, GE Capital respectfully requests that Defendant Sherman's motion be denied, with costs. Thank you for your consideration.

Respectfully,

*/s/ Jonathan R. Miller*
Jonathan R. Miller

**CERTIFICATE OF SERVICE**

I, Jonathan R. Miller, hereby certify that, on this date, I caused to be served a copy of the within paper as follows:

*via ECF:*

**Allen I. Gorski, Esq.**
Teich, Groh
691 State Highway 33
Trenton, N.J. 08619

**Eugene D. Roth**
Law Office of Eugene D. Roth
Valley Pk. East
2520 Hwy 35, Suite 307
Manasquan, NJ 08736

*via U.S. mail :*

Office of the United States Trustee
Department of Justice
One Newark Center, Suite 2100
Newark, New Jersey 07102
**Attn: Jeffrey M. Sponder, Esq.**

Date: May 2, 2012

*/s/ Jonathan R. Miller*
Jonathan R. Miller